IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,    :
    Plaintiff
                                    :

    vs.    :   CRIMINAL NO.  1:CR-03-102

                                    :
KAZEEM ISHOLA,
    Defendant    :


*M E M O R A N D U M*

I.   *Introduction*.

    Defendant, Kazeem Ishola, has filed a pro se motion for coram nobis relief, apparently challenging his conviction for conspiracy to commit identification fraud under 18 U.S.C. §§ 1028(a)(7), (b)(2)(B) and (f).

    We will deny the motion because, even assuming all of Defendant's claims attack the validity of his conviction or sentence, Defendant failed to raise the claims presented here during proceedings in this court, on direct appeal or in a motion under 28 U.S.C. § 2255.  He has also failed to allege reasonable grounds for not seeking relief earlier in the criminal proceedings against him.

II.   *Background*.

In relevant part, Defendant pled guilty in June 2003 to an information charging him with conspiracy to commit identification fraud. In January 2004, he was sentenced to ten months' imprisonment. Defendant took no direct appeal of his conviction nor did he file a 2255 motion. Based on his return address, he is currently in ICE custody awaiting removal to his home country of Nigeria.

On April 17, 2007, Defendant filed his coram nobis motion. It is somewhat opaque but appears to make the following claims. First, the government violated the plea agreement by not resolving who had opened and obtained money from certain bank accounts as part of the conspiracy. (Defendant asserts it was the conspiracy's leader.) Second, Defendant's counsel, the prosecutor and the court overlooked the substantial assistance Defendant provided in this matter concerning the leader of the conspiracy. Third, Defendant may possibly be arguing that his substantial assistance entitles him to a reduced sentence.

As relief, Defendant requests in pertinent part: (1) a granting of the writ; (2) a stay of removal so that Defendant can assist the government in apprehending the conspiracy's leader and his friends; (3) release from confinement so that

Defendant can be reunited with his family[1] and fulfill his obligation under the plea agreement to cooperate with the government; and (4) a downward departure in sentencing.

III. *Discussion.*

A defendant in a criminal case may use coram nobis to challenge his conviction when: (1) he "has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255"; and (2) he is suffering "continuing consequences" from the conviction. *United States v. Stoneman*, 870 F.3d 102, 105-06 (3d Cir. 1989). Relief can be granted "to correct errors for which there was no remedy available at the time of trial and where 'sound reasons' exist for failing to seek relief earlier." *Id.* at 106 (quoted case omitted). The Third Circuit has stated that the error must be one of fact or one that goes to the jurisdiction of the court. *Id.* However, it has also indicated that ineffective assistance of counsel could be sufficient error. *See Evola v. Attorney General*, 190 Fed. Appx. 171, 174 (3d Cir.)(nonprecedential)(quoting *United States v. Rad-O-Lite of Phila., Inc.*, 612 F.2d 740, 744 (3d Cir. 1979)).

Defendant is entitled to seek coram nobis relief. He is no longer in custody, having served his sentence. He will

---

[1] Defendant asserts his wife and children are American citizens.

3

also suffer continuing consequences from the conviction since he is awaiting deportation to Nigeria. *See United States v. Cariola*, 323 F.2d 180, 182 (3d Cir. 1963)(deportation is a continuing collateral consequence for a coram nobis motion); *United States v. Kwok Chee Kwan*, 407 F.3d 1005, 1014 (9th Cir. 2005).

However, one requirement for coram nobis relief is that Defendant show that he had reasonable grounds for not seeking relief earlier. *Stoneman, supra*, 870 F.2d at 106; *see also United States v. Osser*, 864 F.2d 1056, 1062 (3d Cir. 1988)(failure to raise issue on direct appeal militates against coram nobis relief); *United States v. Banks*, 165 Fed. Appx. 987, 988 (3d Cir. 2006)(nonprecedential)("As a threshold matter, Banks has not shown that . . . sound reasons exist for failing to seek relief earlier."); *Mashni v. United States*, 2006 WL 208564 at *3 (D.N.J.)(coram nobis relief may be denied when the petitioner fails "to allege any reasons for failing to seek relief by way of direct appeal or by motion under § 2255"); *United States v. Rota*, 1998 WL 967509 at *2 (E.D. Pa.); *United States v. Fiola*, 1996 WL 694172 at *4, 5 (E.D. Pa.).

Here, even assuming the claims go the Defendant's conviction or sentence (and have not been mooted by the expiration of his sentence), Defendant could have raised them during proceedings in this court, on direct appeal or in a

4

motion under 28 U.S.C. § 2255.  As already noted, he has also failed to allege reasonable grounds for not seeking relief earlier. This motion will therefore be denied.

    We will issue an appropriate order.

                                            /s/William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge

Date: April 24, 2007

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,       :
        Plaintiff
                                :

        vs.                     :  CRIMINAL NO.  1:CR-03-102

                                :
KAZEEM ISHOLA,
        Defendant               :
```

*O R D E R*

AND NOW, this 24th day of April, 2007, upon review of Defendant, Kazeem Ishola's, coram nobis motion (doc. 22), it is ordered that the motion is denied.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge