IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
UNITED STATES OF AMERICA,        :
        Plaintiff
                                 :

        vs.                      : CRIMINAL NO.  1:CR-03-102

                                 :
KAZEEM ISHOLA,
        Defendant                :
```

*M E M O R A N D U M*

Based upon a written plea agreement, defendant, Kazeem Ishola, pled guilty in June 2003 to an information charging him with conspiracy to commit identification fraud. On January 13, 2004, he was sentenced to ten months' imprisonment and one year of supervised release. Defendant took no direct appeal of his conviction. He is currently in ICE custody awaiting deportation to his home country of Nigeria based on his federal conviction and two convictions in Prince George's County, Maryland.

On October 1, 2007, defendant filed a pro se motion under 28 U.S.C. § 2255 to vacate his conviction. It appeared that we lacked jurisdiction over the motion because Defendant was no longer in custody on his federal conviction. It also appeared that the motion was untimely. On October 23, 2007, we ordered Defendant to state his reasons why we had jurisdiction and why the motion was timely. Intermingled with allegations

going to the merits of his motion, Defendant has filed a response, which we are now considering.

On our jurisdiction, Defendant argues that because his current ICE custody is the result of his federal conviction, his current custody satisfies the "in custody" requirement of section 2255 and hence we have jurisdiction.[1] We disagree. The mere fact that a defendant, after his sentence has expired, is in ICE custody awaiting removal on the basis of a federal conviction, or state conviction, is not enough for the "in custody" requirement of section 2255. *Evola v. Carbone*, 365 F. Supp. 2d 592, 597-98 (D.N.J. 2005)(discussing cases).

In any event, the motion is time-barred. As we noted in our order of October 23, a 2255 motion must be filed within one year of the date on which the defendant's conviction becomes final. 28 U.S.C. § 2255 ¶ 6(1). If the defendant does not pursue a direct appeal, the conviction becomes final upon the expiration of the time for filing the direct appeal. *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Here, Defendant was sentenced on January 13, 2004. He had ten days, excluding weekends and holidays, to take a direct appeal. *See* Fed. R. App. P. 4(b)(1)(A) and Rule 26(a). His conviction thus became final on January 28, 2004, making his deadline for filing a 2255

---

[1] A 2255 motion may only be filed by a defendant "in custody under a sentence" of a federal court. 28 U.S.C. § 2255 ¶ 1.

2

motion January 28, 2005. His 2255 motion was filed on October 1, 2007, some two years and eight months after the limitations period expired.[2]

Defendant argues the motion is timely for the following reasons. First, the government will not be prejudiced if we consider the motion because with his assistance they will prevail against the mastermind of the scheme in which he had a part[3] and because it will not be prejudiced if it is required to respond to the motion. Second, the motion is just a further step in the  criminal case. Third, he is a layperson at law who did not know he could take a direct appeal or file a 2255 motion and who was not told by his lawyer that he could take an appeal. Fourth, he lacked foresight because he did not know that the government would breach its part of the bargain by not allowing him to cooperate in catching the mastermind of the scheme. Fifth, during the relevant time he has been suffering a severe depression and has been mentally and psychologically worn out.

None of these reasons is valid. We take them in turn. On the first one, lack of prejudice to the government is immaterial; the motion must still be filed within the

---

[2] The motion is untimely even if we use the date Defendant signed the motion, September 25, 2007.

[3] Defendant maintains that his plea agreement requires him to assist in the apprehension of the person he worked for in committing his identification fraud.

3

limitations period. On the second one, it is true that a 2255 motion has been characterized as just "a further step in the movant's criminal case and not a separate civil action," *United States v. Fiorelli*, 337 F.3d 282, 285-86 (3d Cir. 2003) (quoting Section 2255 Rule 1 advisory committee notes), but again that is immaterial to Defendant's obligation to file his 2255 motion within the one-year period. On the third one, Defendant cannot toll the statute on the basis of his pro se status or lack of legal knowledge. *See Donovan v. Maine,* 276 F.3d 87, 94 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Guider v. Patrick*, No. 1:CV-06-1992, 2006 WL 3717795, at *4 (M.D. Pa. Dec 14, 2006)(Caldwell, J.); *Blackwell v. Patrick*, Civ. No. 05-1572, 2006 WL 3420858, at *5 (E.D. Pa. Nov. 27, 2006). As to his lawyer's alleged failure to tell him he could appeal, that would not have prevented him from filing a 2255 motion within the one-year period after his conviction became final. On the fourth one, the government's alleged conduct did not prevent him from filing his 2255 motion.

On the fifth one, we acknowledge that Defendant was depressed following his conviction and sentence; it was noted in his presentence report at paragraph 40 that he was. But there is no evidence that he was depressed in a clinical sense so that he was unable to file a 2255 motion. We note in this regard, that Defendant himself has stated in his response to our October 23

4

order that he has written through the years to the federal prosecutor and to the postal inspector about his willingness to cooperate. (Doc. 33, Response at pp. 5-6, 10 and 18). He has also filed petitions and motions with this and other courts. For instance, on June 14, 2005, he filed with this court a petition for a writ of mandamus seeking to enjoin a Maryland criminal proceeding and to vacate the conviction on another. On May 16, 2006, he filed a petition for a writ of habeas corpus in the United States District Court for the District of Maryland, seeking a stay of removal and vacatur of the Prince George's County conviction. *Ishola v. Gonzalez*, No. PJM-06-1266 (D. Md.).

We will issue an appropriate order. Based on these rulings, we will also deny a certificate of appealability. However, Defendant is advised that he has the right for sixty (60) days to appeal our order denying his 2255 motion and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Fed. R. App. Pro. 22.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 26, 2007

5

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,       :
         Plaintiff
                                :

         vs.                    : CRIMINAL NO.  1:CR-03-102

                                :
KAZEEM ISHOLA,
         Defendant              :
```

*O R D E R*

AND NOW, this 26th day of November, 2007, upon consideration of Defendant's 28 U.S.C. § 2255 motion (doc. 29), it is ordered that:

    1. The motion is dismissed for lack of jurisdiction and, in the alternative, as time-barred.

    2. A certificate of appealability is denied.

    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge